Herbert, J.,
dissenting. The occasion for this dissent arises from the opening sentence of the per curiam opinion:
“Upon oral argument in this court, defense counsel suggested that respondent might be mentally ill.”
The defense counsel referred to appeared in these proceedings for the first time at the hearing before this court.
The above-quoted observation that respondent “might be mentally ill” is at least a mild understatement.
Respondent was not present at the hearing before this court. He was, at the time, in a psychiatric “security” ward of the Veterans Administration Hospital in Cincinnati upon a commitment issued by the Probate Court of Montgomery County.
*288 There was no formal presentment of evidence of mental affliction before the hearing panel or the Board of Commissioners on Grievances and Discipline, yet the majority opinion recites that, referring to certain statements of the respondent:
‘ ‘ The board found that the mere fact that the statement or statements were made was evidence to the board that the respondent did not have the necessary judgment to be an attorney and counselor of law.”
The confused, garbled, rambling and disjointed statements of the respondent found in the record certainly would indicate an abnormal mentality.
Section 1, Rule XXVIII of Rules of Practice of the Supreme Court of Ohio, states that:
“These rules of professional conduct shall be binding upon all members admitted to practice law in the state of Ohio, cmd the willful breach thereof shall be punished by reprimand, by suspension, or by disbarment * * #.” (Emphasis ours.)
That respondent was mentally ill at the time of the hearing must be conceded. His presence in the veterans hospital under the law of Ohio would have required certain procedure including examination of the respondent by a physician or physicians and their certificates that he was in their opinion mentally ill.
The commitment by the Probate Court of Montgomery County is further indicia that he was examined by at least one physician who before respondent could be committed would be required to certify that in his opinion the respondent was mentally ill. It appears to me that there was a prima facie case of mental illness established before this court entered its judgment of permanent disbarment.
The requirement of Section 1, Rule XXVIII of the Rules of Practice of this court, that the court must find that the breach of conduct was “willful,” would require at least some further investigation. With but little difficulty, this court could have available the records of physicians, prepared as required by the law of Ohio, that respondent entered the veterans hospital on August 20th, left September 18th, was returned by the Sheriff of Montgomery County from the jail of that county on September 27th, 1963, and was placed in a “locked” psychiatric ward in the hospital. It would find, I believe, that respondent is and *289 has been suffering from depression reaction — emotional instability.
It could be readily established whether the present mental illness of respondent was of long duration or otherwise.
There is a claim now pending before the Veterans Administration for service-connected disability of the respondent upon the claim that his mental illlness is connected with his service in World War II.
I recognize that it is our duty to protect society by exercising the control given this court over members of the bar of Ohio. I recognize also that it is the duty of this court to protect the integrity of the legal profession. I believe also that an accused member of the bar is entitled to certain considerations and rights.
Permanent disbarment brings shame and disgrace upon a member of our profession. In the present state of mind of the respondent, a judgment of indefinite suspension would meet all requirements and responsibilities of this court. An indefinite suspension would place positive control of respondent’s relation to the practice of law in the hands and control of this court. Such judgment should be attributed to his mental condition if further investigation warrants such conclusion.
The judgment of this court should be that the respondent be indefinitely suspended from the practice of law by reason of mental illness.